UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MENOVCIK,

        Plaintiff,

  v.

                                            Case No. 09-12096
BASF CORP.,                                   Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This is a case in which the Plaintiff, Gregory Menovcik, accused his employer, the BASF Corporation ("BASF"), of wrongfully terminating his employment in violation of existing state and federal law. After a combined jury and bench trial, BASF prevailed on all claims. The Court subsequently entered an order which awarded costs in the amount of $16,190.97 in favor of BASF. The current issue before the Court is whether the judgment should be amended to include the award of costs granted to BASF. Menovcik has not responded to this motion.

I.

After a jury trial which addressed Menovcik's claims of (1) violation of the Elliot-Larsen Civil Rights Act, (2) breach of an employment contract, and (3) defamation to third parties, as well as a bench trial relating to his claim of unlawful termination in violation of the Employee Retirement Income Security Act, BASF prevailed with respect to all of Menovcik's claims. BASF subsequently filed its bill of costs on December 8, 2011 with the Clerk of the Court

1

pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1). The Clerk taxed the entire amount, $16,319.49, against Menovcik.

Subsequently, Menovcik filed his notice of appeal of the judgment to the Sixth Circuit on November 16, 2011. On December 29, 2011, Menovcik filed a motion which challenged BASF's bill of costs. Specifically, he challenged $15,001.21 of the costs that were incurred solely in conjunction with a video-conference deposition taken of Patrick Mormile, a central witness who resided at the time near Bangkok, Thailand. On May 8, 2012, the Court largely rejected Menovcik's objection, and entered an order granting a total costs award of $16,190.79 to BASF.

Now pending is BASF's motion to amend the judgment to include those costs that had already awarded by the Court.

II.

Rule 54 of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Taxable costs are limited to those outlined in 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007). Furthermore, under § 1920, "an allowed bill of costs should be 'included in the judgment or decree.'" *Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-cv-679, 2010 U.S. Dist. LEXIS 58619, at *7 (W.D. Mich. June 11, 2010).

As a general proposition, a federal district court and a federal court of appeals cannot assert simultaneous jurisdiction over a case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Therefore, the filing of a timely notice of appeal divests the district court of

jurisdiction over the appealed issues. *Griggs*, 459 U.S. at 58. However, the general rule which divests the district court of jurisdiction is subject to an exception for those "matters collateral to the main cause of action." *Reed v. Country Miss. Inc.*, Nos. 93-6370, 94-5005, 1995 WL 348041, at *2 (6th Cir. June 8, 1995) (citing *Griggs*, 459 U.S. at 58); *see also Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995) ("[F]iling a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal.").

Furthermore, the Supreme Court has determined that a motion for costs pursuant to Rule 54(d) does not "'alter or amend the judgment' within the meaning of Rule 59(e)," which "concerns 'motion[s] to alter or amend the judgment." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68 (1988). Rule 54(d) establishes a presumption in favor of an award of costs "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). Therefore, a motion under this Rule "does not involve reconsideration of any aspect of the decision on the merits." *Buchanan*, 485 U.S. at 268. Rule 58 illuminates the distinction between a judgment on the merits and a judgment of costs pursuant to Rule 54(d), stating that "the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(e).

As an initial matter, this Court concludes that BASF's motion for costs "sought only what was due *because of* the judgment," and is therefore a motion under Rule 54(d) as established by the Supreme Court. *See Buchanan*, 485 U.S. at 268 (emphasis in original) (citing *White v. N.H. Dep't. of Security*, 455 U.S. 445, 452 (1982)). In *Whitesell*, the Western District of Michigan recently reviewed the question of whether the district court had jurisdiction to amend

3

the judgment to include costs awarded by the court, notwithstanding an appeal. 2010 U.S. Dist. LEXIS 58619. The court applied three restrictive considerations to the analysis; namely, (1) whether the court has jurisdiction over the request, (2) whether the request was timely filed, and (3) the merits of the request. *Id.* at *3-4. Applying the Western District's restrictive considerations as guidance to the case at hand, "the mere inclusion of costs in a judgment, especially when those costs have already been allowed and the Court has made clear that they should become part of the judgment, is undoubtedly a matter collateral to the main cause of action." *Id.* at *5. Therefore, BASF's request to include the awarded costs of $16,190.79 is a matter over which the district court has jurisdiction. Second, a motion under Rule 54(d), unlike a motion under Rule 59(e), "prescribes no time limitation [after costs have been allowed] on when they may officially be added to the judgment." *Id.* at *7 (citing Fed. R. Civ. P. 54(d)).  Therefore, BASF's motion for costs under Rule 54(d) is not subject to any time limitations and is not untimely. Finally, in regard to BASF's request, the "right to a judgment that reflects costs is clearly established by 28 U.S.C. § 1920, which provides that an allowed bill of costs should be 'included in the judgment or decree." *Id.* at *7. Therefore, in the interest of clarity, an amended judgment reflecting the costs specifically allowed by the Court should be entered. *Id.*

     For the reasons that have been set forth above, the Court grants BASF's motion to amend the judgment to include the costs already awarded by this Court, in the amount of $16,190.97.


     IT IS SO ORDERED.


Date: September 5, 2012                                             s/Julian Abele Cook, Jr.

4

JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 5, 2012.

s/ Kay Doaks
Case Manager