UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREG MENOVCIK,

        Plaintiff,

v.

                                      Case No. 09-12096
                                      Honorable Julian Abele Cook, Jr.

BASF CORPORATION,

        Defendant.

## ORDER

This is a case in which the Plaintiff, Gregory Menovcik, has accused his employer, BASF Corporation ("BASF"), of wrongfully terminating his employment in violation of state and federal laws. Thereafter, he - after unsuccessfully seeking to obtain relief at the trial level from (1) a jury,[1] and (2) the Court in a separate hearing relating to his claim of having been unlawfully terminated in violation of the Employee Retirement Income Security Act - filed an appeal with the Sixth Circuit.   On May 8, 2012, the Court entered an order that granted an award of $16,190.79 in costs to BASF which was subsequently incorporated into a second amended judgment on September 5th. Fifteen days later, Menovcik filed a motion to stay the proceedings to enforce the second amended judgment pending his appeal without the necessity of posting of a bond.

---

[1] The jury rejected his claims that BASF had (1) violated the Elliot-Larsen Civil Rights Act as it pertained to him, (2) breached his employment contract, and (3) defamed him during its various communications with third parties.

I.

The Federal Rules of Civil Procedure provide that when appealing a judgment, an appellant may stay its enforcement by posting a supersedeas bond. Fed.R.Civ.P.62 (d) This bond requirement has been interpreted by the Sixth Circuit as being necessary only to obtain a stay as a matter of right. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc. v. Am. Pharm Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)). However, the Rule "does not limit the district court's power to issue unsecured stays through an exercise of its sound discretion." *Federal Prescription Serv., Inc.*, 636 F.2d at 760.

While the Sixth Circuit has not outlined a specific test to guide the decision of a district court when considering whether to grant a request for an unsecured stay, courts have tended to examine the purpose of Rule 62(d). The bond requirement of this Rule serves to protect both parties. *See Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). It protects the appellant from "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" while protecting the appellee "from the risk of a later uncollectible judgment and also provid[ing] compensation for those injuries which can be said to be the natural and proximate result of the stay." *Id.* (internal quotation marks omitted). Thus, "Rule 62(d) establishes not only the appellant's right to a stay but also the appellee's right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required." *Id.*; *see also Pucci v. Somers*, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011) (quoting *Hamlin*, 181 F.R.D. at 351). Despite this presumption as it relates to a supersedeas bond, two circumstances exist in which courts are urged to consider foregoing the requirement:

namely, where (1) "the [appellant's] ability to pay the judgment is so plain that the cost of the bond would be a waste of money" and (2) "the requirement would put the [appellant's] other creditors in undue jeopardy." *Pucci*, 834 F. Supp. 2d at 707 (quoting *Olympia Equip. Leasing Co. v. Wester Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)); *see also Arban*, 345 F.3d at 409 (affirming decision to grant stay without bond "[i]n light of the vast disparity between the amount of the judgment in this case and the annual revenue of the [defendant]"); *cf. Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3908616, at *2 (E.D. Mich. Oct. 1, 2010) (preferring an analysis that "looks to whether there are 'extraordinary circumstances' that justify deviating from the bond requirement").

II.

Menovcik contends that the circumstances of this case warrant the granting of an unsecured stay. He does not, however, argue that either of the two *Pucci* exceptions to the presumption of a bond requirement exist here. Instead, he suggests that the Court give consideration to the following three factors which, in his opinion, would justify his request for a waiver; to wit, (1) the likelihood of success on appeal, (2) the expected length of the appellate process, and (3) the perceived legitimacy of BASF's desire to recover the award of costs. Putting aside the merit of his argument, Menovcik does not cite any case law which supports the application of his suggested use of this three-factor test. Moreover, he has failed to relate the choice of these particular factors to the underlying purposes of Rule 62(d). For the reasons that are given below, the Court will (1) decline Menovcik's invitation to utilize this suggested three-factor test, and (2) deny his request for a stay of these proceedings without bond.

Menovcik first argues that he should not be required to post a bond because "there is a

3

substantial, compelling basis to believe that [his] appeal may be successful." Pl. Mot. Stay 6. This belief, however, provides no protection to BASF should it prove to be unfounded. The bond requirement of Rule 62(d) is intended to protect the appellee if the appellant loses the appeal and is subsequently unable to pay the judgment, regardless of how meritorious the appeal appears to be. *Cf., e.g.*, *DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers Local 9*, No. 10-10607, 2011 WL 1827890, at *2 (E.D. Mich. May 10, 2011) ("The purpose of a supersedeas bond is to ensure that the judgment will be collectible if the party awarded fees wins on appeal.") This analysis presumes the appellant's loss on appeal and then asks whether, under those circumstances, he will be able to pay the judgment. *See, e.g.*, *Arban*, 345 F.3d at 409 (requiring a "vast disparity" in amount of judgment and defendant's income without considering the likelihood of success on appeal); *cf. O'Callaghan v. SPX Corp.*, No. 09-10196, 2010 WL 299497 (E.D. Mich. Jan. 20, 2010) (declining to issue stay without bond despite defendant corporation's $5.7 billion in assets because "[i]n these troublesome economic times, such assurances are less reliable than in times past"). Menovcik's belief that his appeal is meritorious offers no guarantee as to his ability to pay the judgment in the event that he happens to lose on appeal and thus provides insufficient protection to BASF to justify an unsecured bond.

Menovcik next argues that BASF will not be prejudiced by its request because "any delay occasioned by a stay is likely to last no more than a few months." Pl. Mot. Stay 6. While this factor may weigh in favor of granting a stay, it does not have any application as to whether the proceeding should be secured by a bond. At issue in determining whether to order a secured stay is the appellant's ability to pay upon "ultimate disposition of the case." *Federal Prescription Serv., Inc.*, 636 F.2d at 760. A bond should be required where "there is some reasonable

likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case . . . . In unusual circumstances . . . the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760-61 (footnote omitted). The fact that the appeals process may be brief offers no insight into Menovcik's ability to pay the judgment upon conclusion of these proceedings and therefore does not justify granting an unsecured stay.

Finally, Menovcik argues that BASF will not be prejudiced by a stay without bond because "[it] seeks to enforce the cost award not from any legitimate desire to recover the amounts owed but instead merely as a threat to compel [him] to drop his meritorious appeal." Pl. Mot. Stay 7. This deduction is apparently based on representations made by BASF to Menovcik during settlement negotiations. Aside from the well-known fact that statements made during negotiations are "motivated by a desire for peace rather than from a concession of the merits of the claim" and should therefore be treated with circumspection, *see Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003), BASF undeniably possesses the right to the full recovery of the money judgment awarded in this matter. Menovcik's evaluation of the legitimacy of BASF's desire to recover this judgment is entirely irrelevant to a determination of whether a bond is necessary to protect BASF's right to recover.

While the Court has the discretion to grant a stay without requiring the posting of bond, it should do so only in circumstances that offer sufficient protection to both parties. The three factors proposed by Menovcik fail to indicate that such circumstances exist in this case.

IV.

For the reasons that have been set forth above, the Court denies Menovcik's

motion to stay proceedings to enforce second amended judgment pending appeal without bond (ECF No. 87) is denied.

    IT IS SO ORDERED.

Date: November 9, 2012　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 9, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager